# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        *Plaintiff*,<br><br>   v.<br><br>FIDEL PALACIOS-CRUZ &<br>ROSALIO PALACIOS-CRUZ<br>        *Defendants.* | CRIMINAL CASE NOS.:<br> 3:11-CR-00003-1 &<br> 3:11-CR-00004-1<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

  The Defendants in the above-referenced criminal cases, Fidel Palacios-Cruz (Criminal Case No. 3:11-cr-00003-1) and Rosalio Palacios-Cruz (Criminal Case No. 3:11-cr-00004-1) were charged with and pleaded guilty to separate one-count informations alleging copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1). On April 25, 2011, I sentenced the Defendants to terms of incarceration. I further ordered that they be held jointly and severally liable for restitution, in an amount to be determined within ninety-days. For the reasons set forth below, I conclude that the government has not met its burden of proving the loss sustained by any of the alleged victims, and therefore I will issue no award.

  On May 21, 2010, investigators observed the Defendants unloading a shipment of some 12,000 illegally produced audio CDs into a storage unit at a facility in Charlottesville, Virginia. After obtaining warrants, investigators searched two storage units rented by Fidel Palacios-Cruz at the same facility, from which they recovered 4,200 suspected illegally produced DVDs, 19,400 suspected illegally produced CDs (including the 12,000 from the shipment observed on May 21, 2010), cash, and business records. Subsequently, the Defendants were arrested,

charged, and convicted in the instant cases.

Courts, including the Fourth Circuit, have applied the Mandatory Victims Restitution Act of 1996 ("MVRA") in the context of criminal copyright infringement. *See United States v. Adams*, 19 F. App'x 33, 35 (4th Cir. 2001); *United States v. Dove*, 585 F. Supp. 2d 865, 868 (W.D. Va. 2008). The MVRA requires the court to impose restitution for "an offense against property under [Title 18]" in which "an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. §§ 3663A(c)(1)(A)(ii); A(c)(1)(B). A victim is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . ." 18 U.S.C. § 3663A(a)(2). The government must prove "the amount of the loss sustained by a victim as a result of the offense" by a preponderance of the evidence. 18 U.S.C. § 3664(e). "[T]he *amount* of restitution that may be awarded is limited to the victim's provable actual loss . . . ." *United States v. Chalupnik*, 514 F.3d 748, 754 (8th Cir. 2008).

The Recording Industry Association of America ("RIAA") and Motion Picture Association of America ("MPAA") have submitted victim impact statements claiming entitlement to restitution in the amount of the wholesale value of the property seized.[*] According to its statement, the RIAA is a trade organization representing the United States recording industry. Similarly, the MPAA is a trade organization representing companies within the film industry, including the following alleged victims in this case: Walt Disney Studios Motion Pictures, Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Twentieth Century Fox Film Corporation, Universal City Studios LLP, and Warner Bros. Entertainment Inc.

As noted, the MVRA requires the court to order restitution to an "identifiable victim"

---

[*] The MPAA seeks to recover $10.33 for 3600 identified DVDs, for a total wholesale value of $37,188.00. The RIAA seeks to recover $6.83 per CD, multiplied by 21,883 CDs, for a total wholesale value of $149,460.89. The basis of the 21,883 figure is not clear from the record.

who has suffered a "pecuniary loss." 18 U.S.C. § 3663(A)(c)(1)(B). Although the RIAA and MPAA represent copyright holders, there is no evidence that either organization is itself a copyright holder the rights of which have been infringed. Nor is there any indication that the organizations share royalties with their member companies, or any other evidence suggesting that they suffered pecuniary loss in any respect from Defendants' conduct. Accordingly, there is no basis for the court to conclude that either organization is a "victim" within the meaning of the MVRA.

Although the organizations may represent victims who have suffered pecuniary loss, neither they nor the government has set forth any facts demonstrating which victims are entitled to particular sums. The RIAA's victim impact statement does not identify any specific member companies, and while the MPAA identifies numerous film companies, it does not set forth the loss attributable to each. The government thus fails to meet its burden of proving the amount of loss attributable to each victim. 18 U.S.C. § 3664(e).

For the foregoing reasons, it is inappropriate to order restitution in this case.

The clerk of the court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record.

Entered this __26th__ day of April, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE